

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 24, 1961

Honorable Henry Wade
District Attorney
Records Building
Dallas 2, Texas

Opinion No. WW-986

Re: Does the Board of Managers
of the Dallas County Hospi-
tal District have legal
authority, through an estab-
lished employee retirement
program, to enter into a con-
tract with a mutual life in-
surance company to purchase
life annuity insurance policies
on employees who have attained
retirement age and related ques-

Dear Mr. Wade:                          tion.

We have received your letter of December 21, 1960 en-
closing your opinion, No. 60-19, in which the following questions
are set forth:

"1.    Does the Board of Managers of the Dallas
County Hospital District have legal authority,
through an established employee retirement
program, to enter into a contract with a mutual
life insurance company to purchase life annuity
insurance policies on employees who have at-
tained retirement age."

"2.    If your answer to Question 1 is in the affirma-
tive, and assuming that the Board has legal
authority to purchase a group life insurance
policy for its employees, your opinion is
respectfully requested as to whether this
Board has authority to purchase a group life
insurance policy from a mutual life insurance
company."

The answers to Questions 1 and 2 may be found in Attorney
General's Opinion No. 0-924 wherein the following language is used:

"We, therefore, feel it incumbent upon
us to overrule conference opinion No. 2880,
inasmuch as the express language of our appel-
late courts in the cases quoted, written since
the above numbered conference opinion, clearly

indicate the opinion of the learned judges to
be that political subdivisions cannot legally
purchase insurance from mutual companies because
of Section 52 of Article III of our Constitution.
We have been unable to perceive any possible dis-
tinction in law between mutual fire insurance
and mutual employers liability or Workmen's Com-
pensation Insurance insofar as the Constitutional
provisions are applicable."

and, further:

"After careful and exhaustive investigation
of all available authorities, we are of opinion
and you are respectfully advised that Dallas
County cannot legally purchase insurance in mu-
tual fire or casualty companies; that such pur-
chase would involve taking membership in or be-
coming a stockholder in such corporation, asso-
ciation or company in direct violation of the
provisions of the Texas Constitution."

The above quoted language and the result of this
opinion was sustained in 1942 by the Supreme Court of Texas,
which held that the Austin Independent School District could
not purchase a policy from a mutual insurance corporation and
the Court declared that the part of Article 4860a-8, Vernon's
Civil Statutes, providing for purchase of mutual insurance by
a political subdivision was unconstitutional in violation of
Section 52 of Article III of the Texas Constitution. Lewis v.
Independent School District of the City of Austin, et al, 139
Tex. 83, 161 S.W. 2d 450 (1942).

In view of the foregoing, we agree with your able opinion,
and hold that both Questions 1 and 2 should be answered in the nega-
tive.

## SUMMARY

The Board of Managers of the Dallas County
Hospital District, a political subdivision
of the State of Texas, may not enter into
a contract to purchase life or retirement

insurance from a mutual insurance company.
Section 52, Article III, Texas Constitution.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Robert L. Armstrong*
Robert L. Armstrong
Assistant

RLA:hmc

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

John L. Estes
Riley Eugene Fletcher
Elmer McVey

REVIEWED FOR THE ATTORNEY GENERAL
BY: Morgan Nesbitt